BETTIE KIRKWOOD AND HUSBAND v. D. DOMNAU & BROTHER.

No. 7112.

1. **Homestead of Divorced Parties — Homestead.** — It is in the power of the District Court (art. 2864, Rev. Stats.) decreeing a divorce under the statute to make such a decree with regard to the use of the homestead as would protect the wife in its use. It also might provide when necessary for its use by the minor children of the marriage, subject only to the prohibiting clause that the decree shall not have the effect in form or substance of divesting the husband of the title to one-half where the homestead is community property.

2. **Same.**—The husband's interest in the homestead can be charged with the support of the wife and children only in the divorce suit and as a part of the decree of divorce.

3. **Partition of Homestead After Divorce.** — Husband and wife resided upon community property. They were divorced, no disposition of the property being made in the decree. The divorced wife and the children of the marriage remained in the homestead, she supporting the children. *Held*, that the husband had the right to sell his community interest, and that the homestead was subject to partition.

4. **Sale of Homestead for Partition.** — The divorced wife with her children remained upon the homestead. The husband gave a deed of trust upon the property under which it was sold. The purchaser sued the wife for partition. The property could not be partitioned. *Held*, that it was error to order the sale and that the costs taxed against the wife be paid out of the proceeds of the sale. The costs could be rendered against her as a personal judgment.

ERROR from McLennan. Tried below before Hon. Eugene Williams. The opinion states the case.

*Herring & Kelly*, for plaintiffs in error.—1. The deed of trust to defendants in error is invalid, because it was taken upon the property at a time when it was the homestead of plaintiff in error Bettie Kirkwood and her minor children by her divorced husband Geo. W. Allen, and she could not be deprived of her homestead by a forced sale or otherwise except in the manner specially defined by the Constitution and laws of this State relating to the sale of the homestead. Const.,

art. 16, secs. 50, 51, 52; Sampson v. Williamson, 6 Texas, 102; Eubank v. Landram, 59 Texas, 248; Gilliam v. Null, 58 Texas, 304, 305.

2. In a settlement of the community estate between Geo. W. Allen and his divorced wife, who was burdened with the custody and support of their minor children, it would have been unjust to make an equal division of the homestead between them; and as Domnau & Bro., defendants in error, stand in the shoes of Geo. W. Allen, the court erred in awarding an equal partition of the homestead. Trimble v. Trimble, 15 Texas, 18; Craig v. Craig, 31 Texas, 204; Rice v. Rice, 21 Texas, 68; Tieman v. Tieman, 34 Texas, 522; Simons v. Simons, 23 Texas, 344.

Domnau & Bro. have no greater right than Geo. Allen's heirs would have had upon his death. Pressley v. Robinson, 57 Texas, 453; Young v. Putnam, 57 Texas, 461; Foreman v. Meroney, 62 Texas, 723.

3. The court erred in awarding a partition of the homestead, for the reason that Geo. W. Allen (under whom defendants in error claim) waived his right to such partition when he permitted the decree of divorce to be entered, leaving Bettie and the children in possession of the property without asking for its division. Hardin v. Hardin, 38 Texas, 616; Foster v. Wells, 4 Texas, 101.

S. L. Samuels, for defendants in error.—1. The deed of trust was valid to the extent of Allen's community interest in the lot. Appellant's homestead right would attach to her community half and not to her former husband's interest.

2. The homestead rights of a divorced husband and wife to the community homestead are equal, and the laws prohibiting partition or sale for partition of the homestead apply only in case of decedents' estates where the homestead rights of the deceased party are vested by inheritance in the survivor of the marriage.

3. Bettie having married again, it would be inequitable to give her and her new husband superior homestead rights to those of her ex-spouse. As against third parties the wife is only entitled to her community interest. Wimberly v. Pabst, 55 Texas, 590.

4. The discretion to order a division of the property, having reference to the moral rights of the divorced parties and their children, is confined to the court rendering the decree of divorce. If that court does not adjudicate the special equities of the wife and children other courts will divide the property according to the legal rights of the husband and wife, especially when, in the meantime, the husband's rights have been acquired by a third person. Rev. Stats., art. 2864; Simons v. Simons, 23 Texas, 344.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by the defendants in error for partition of a house and lot in the city of Waco. Bettie Kirkwood was once the wife of G. W. Allen. The property in

then Knox would not lose the benefit of his use of the land and would not be entitled to the interest on the purchase money received by his warrantors. If this can not be done, and if he should again show himself a possessor in good faith, he should be ured the value of the interest in his improvements lost by him, a ding to the rule laid down in the statute (Rev. Stats., art. 4813, *et seq.*, and will be entitled to interest on his recovery against his codefendants.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 1, 1891.

1. **Homestead of Divorced Parties — Homestead.** — It is in the power of the District Court (art. 2864, Rev. Stats.) decreeing a divorce under the statute to make such a decree with regard to the use of the homestead as would protect the wife in its use. It also might provide when necessary for its use by the minor children of the marriage, subject only to the prohibiting clause that the decree shall not have the effect in form or substance of divesting the husband of the title to one-half where the homestead is community property.

2. **Same.** — The husband's interest in the homestead can be charged with the support of the wife and children only in the divorce suit and as a part of the decree of divorce.

3. **Partition of Homestead After Divorce.** — Husband and wife resided upon community property. They were divorced, no disposition of the property being made in the decree. The divorced wife and the children of the marriage remained in the homestead, she supporting the children. *Held,* that the husband had the right to sell his community interest, and that the homestead was subject to partition.

4. **Sale of Homestead for Partition.** — The divorced wife with her children remained upon the homestead. The husband gave a deed of trust upon the property under which it was sold. The purchaser sued the wife for partition. The property could not be partitioned. *Held,* that it was error to order the sale and that the costs taxed against the wife be paid out of the proceeds of the sale. The costs could be rendered against her as a personal judgment.

